## CATHARINE MULREY *vs.* JOHN McDONALD.

Suffolk.    April 1, 1878.    AMES & MORTON, JJ., absent.

At the trial of a complaint under the bastardy act, the respondent put in evidence a paper purporting to be a release from the complainant to the respondent of all claims against him by reason of the birth of a child, of which she was delivered, ir consideration of a sum of money paid by him. Upon cross-examination, she was asked if she had put her mark to a paper. She replied that she had. The paper in question was then read to her, and she was asked if she put her mark to that paper. She replied that she thought not, and that she could neither read nor write. On reëxamination, she was asked, "Did the respondent at any time use intimidation or threaten you? Now tell us what he said." The respondent objected to the competency of this evidence, and the counsel for the complainant stated that he expected to prove that if the complainant executed the release, she did so under duress or fear of bodily harm from the respondent. The judge permitted the question to be asked for that purpose only. The complainant then testified to certain acts of intimidation by the respondent shortly before the birth of the child; that if the paper read at the trial was the paper she put her mark to, it was not properly read to her then as it was at the trial; and that she did not know its contents. *Held,* that the respondent had no ground of exception.

COMPLAINT under the bastardy act, Gen. Sts. c. 72.

At the trial in the Superior Court, before *Dewey,* J., the complainant testified in support of the complaint. On cross-examination, she testified that six weeks after the birth of the child she met the respondent and his attorney by appointment at the office of Dr. Calkins on Tremont Street, Boston, and received from the respondent $100, and put her mark to a paper. A paper purporting to be a release, in consideration of $100, of all claims against the respondent by reason of the birth of the child, and to be signed by her mark, and attested by his attorney and by Dr. Calkins, was then read to her, and she was asked if she put her mark to that, and answered that she thought not, and that she could neither read nor write.

The respondent introduced evidence that the complainant put her mark to the paper after knowing its contents; and relied on the paper as a bar to the maintenance of this complaint.

After the introduction of the paper by the respondent, the complainant was reëxamined, and was asked this question: "Did McDonald at any time use intimidations or threaten you? Now tell us what he said." The respondent objected to the competency of this evidence; the counsel for the complainant stating

that they expected to prove that, if the complainant executed the release set up by the respondent, she did so under duress or fear of bodily harm from the respondent, the judge permitted the question to be asked for that purpose alone.

The complainant then testified that the respondent, who was a policeman, brought her to a lonely road some time before her child was born, and, producing a pistol, said to her, "If you do not leave your father's house by Monday, and do just as I tell you, you will never leave this spot alive; I will shoot you;" that in consequence of this she became afraid of him, and left her father's house and went to the place where her child was afterwards born; that from that time she was always afraid of him and afraid to meet him alone, and did not dare to disobey him; that she put her mark to some paper while there, in the presence of the respondent and his attorney, Dr. Calkins having been sent out of the room by the attorney; that her mind was still in a state of fear; that if the paper read at the trial was the paper she put her mark to, it was not properly read to her then as it was at the trial, and that she did not know its contents. The complainant's attorney, in his argument to the jury, contended that the release was obtained by intimidation.

The jury returned a verdict of guilty; and the respondent alleged exceptions to the admission of the above question.

*G. W. Searle,* for the respondent.

*T. Riley,* for the complainant, was not called upon.

BY THE COURT. There is no legal objection to the question and answer; the time of its admission was within the discretion of the presiding judge; and it must be presumed that proper instructions were given as to its bearing and effect.

*Exceptions overruled.*